

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-15-2005

# In Re: Drew Bradford

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3603

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"In Re: Drew Bradford " (2005). *2005 Decisions.* Paper 700.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/700

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BPS-328                                                                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3603
_____

IN RE:  DREW BRADFORD,
                                                    Petitioner
_____

On Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D. N.J. Civ. No. 05-cv-00421)
District Judge: Honorable Stanley R. Chesler

_____

Submitted Under Rule 21, Fed. R. App. Pro.
August 4, 2005

BEFORE:   RENDELL, FISHER and VAN ANTWERPEN, Circuit Judges

(Filed : August 15, 2005)

_____

OPINION
_____

PER CURIAM

Drew Bradford, proceeding pro se, has filed a petition for a writ of mandamus

seeking review of a District Court judge's refusal to recuse himself from presiding over

Bradford's civil rights action.  For the reasons that follow, we will deny the petition.

Bradford filed a complaint in New Jersey state court against a law firm, lawyers,

police officers and other individuals in connection with criminal charges brought against

him which he claims are false.  The defendants removed the complaint, which alleges

violations of Bradford's federal constitutional rights to free speech and equal protection under the law, to federal court.

Bradford moved for the recusal of District Court Judge Stanley Chesler. He argued that Judge Chesler and his staff are potential witnesses for the defendants in connection with their counterclaim against him. The defendants filed three counterclaims against Bradford, including a claim that he violated their fair access to the courts by intimidating the court staff and attempting to intimidate judges. The defendants alleged that Bradford made baseless allegations against Judge Chesler and his staff.[1]

In denying Bradford's latest recusal motion, the District Court noted that under 28 U.S.C. § 455, personal bias creates a duty to recuse where the court's actions reveal such a high degree of favoritism or antagonism as to make fair judgment impossible, and that Bradford's allegations did not reveal such favoritism or antagonism. The District Court Judge also noted that, contrary to Bradford's additional allegation, he had no knowledge that one of the defendants supported him in his appointment as a Magistrate Judge, or any other position of employment.

Mandamus is a proper means for the Court to review the denial of a recusal motion filed pursuant to 28 U.S.C. § 455. Alexander v. Primerica Holdings, Inc. 10 F.3d 155,

---

[1] In an earlier recusal motion, Bradford alleged that after he left a message on the Judge's office answering machine regarding his case, a person from chambers called him, and threatened to call the United States Marshall if he called the office again. He also alleged that a member of the defendant law firm recommended Judge Chesler to be a Magistrate Judge. The District Court denied the recusal motion, and we denied Bradford's related mandamus petition on June 27, 2005.

163 (3d Cir. 1993). We review a judge's decision not to recuse himself for an abuse of discretion. In re Antar, 71 F.3d 97, 101 (3d Cir. 1995). Our inquiry focuses on whether the record, viewed objectively, reasonably supports the appearance of prejudice or bias. Id.

The record does not reasonably support the appearance of prejudice or bias on the part of Judge Chesler. We believe Judge Chesler will be able to fairly adjudicate the defendants' claim that Bradford's actions, including his allegations against the Judge and his staff, are denying them fair access to the courts. In addition, as we stated previously, Bradford's unsubstantiated allegation that a member of the defendant law firm supported Judge Chesler for the position of Magistrate Judge does not warrant mandamus relief. Judge Chesler did not abuse his discretion is denying the recusal motion.

Accordingly, we will deny the petition for a writ of mandamus.[2]

---

[2]To the extent Bradford sought the recusal of Judge Chesler pursuant to 28 U.S.C. § 144, mandamus does not lie to review the denial of such a recusal motion. In re School Asbestos Litigation, 977 F.2d 764, 776 (3d Cir. 1992).