**In Re: Hector L. HUERTAS, Petitioner.**

**No. 08–1400.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Rule 21, Fed. R.App. P. March 6, 2008.

Filed: April 2, 2008.

Hector L. Huertas, Camden, NJ, pro se.

Before: McKEE, RENDELL and SMITH, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Hector L. Huertas filed a mandamus petition, complaining that the District Court improperly denied his applications to proceed *in forma pauperis* ("ifp") in two cases in the United States District Court for the District of New Jersey, Civil Nos. 08–cv–00416 & 08–cv–00417. He also included claims that the District Court Judge, Judge Bumb, was biased against him, and asked for her recusal in his current and future District Court cases. He also asked that we appoint *pro bono* counsel to represent him "solely for litigating Oral Arguments concerning all courtroom conferences scheduled by District Court Judges."

The Clerk of Court issued an order, noting that it appeared we lacked authority to consider Huertas's petition because the District Court cases he had cited had been decided by District Court order and because mandamus is not a substitute for an appeal. The Clerk invited Huertas to explain how his petition was not moot and under what authority we could consider his petition.

In response, Huertas filed a statement to explain that he misunderstood mandamus procedures and noted that he would file a notice of appeal relating to Civil Nos. 08–cv–00416 & 08–cv–00417. However, he argued that mandamus relief was still appropriate because the District Court judge had exceeded her authority or improperly declined to exercise it in two other District Court cases he had filed, Civil Nos. 03–cv–04025 & 06–cv–06161. To his statement, Huertas attached an amended petition for writ of mandamus.

In relation to Civil No. 03–cv–04025, Huertas argues that after he appealed the District Court's order dismissing his action, and after we dismissed his appeal for lack of jurisdiction because a claim remained pending, the District Court kept his case closed. He worries that the case will not be brought to trial within the time set out in the District Court scheduling

order. He also contends that the order dismissing his case and another order denying his motions for default judgment were improper and entered to delay proceedings.

Huertas also claims that Judge Bumb should recuse from that case because of her bias against him as a "Hispanic and/or Pro Se litigant[ ]." Huertas also describes comments Judge Bumb made as "racial slurs," such as her statement "hang tight" directed toward an African American defendant, and her response (to Huertas's argument on a point of evidence) that "Claribel Garcia [a Camden County paralegal] has nothing to do with it!".

In relation to Civil No. 06–cv–06161, Huertas states that the District Court denied him ifp status. He notes that he appealed from the decision, and includes the portion of our opinion granting ifp status.[1] He then repeats the claim he made in his original mandamus petition, that the District Court improperly denied him ifp status in Civil Nos. 08–cv–00416 & 08–cv–00417. (Huertas also claims that Judge Bumb was inappropriately hoarding his cases so that she could deny his ifp applications and other judges could not rule on them.)

Finally, although Huertas does not list Civil No. 06–cv–04676 in the caption of his amended mandamus petition, he also complains that "the scheduling orders and the extenuating delays" in that case (as well as in Civil No. 03–cv–04025) violate Rule 16 of the Federal Rules of Civil Procedure.[2]

As relief, Huertas requests the recusal of Judge Bumb from "all current and future cases filed and litigated by the Petitioner" and an order "requiring the District Court to appoint pro bono counsel for the Pro Se Petitioner solely for litigating Oral Arguments concerning all courtroom conferences scheduled by District Court Judges." He also seeks any other relief we deem proper.

We will deny Huertas's mandamus petition. Mandamus is an extraordinary remedy. See Kerr v. U.S. Dist. Ct., 426 U.S. 394, 402, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). Within the discretion of the issuing court, mandamus traditionally may be "used ... only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" Id. (citations omitted). A petitioner must show "'no other adequate means to attain the desired relief, and ... a right to the writ [that] is clear and indisputable.'" See In re Patenaude, 210 F.3d 135, 141 (3d Cir.2000) (citation omitted).

In part, Huertas's petition is moot. Recently (and not long after we dismissed the related appeal for lack of jurisdiction), the District Court set a date for status conference in Civil No. 03–cv–04025. The District Court will enter a final scheduling order at the conclusion of the conference, so Huertas need no longer worry whether the deadlines in an earlier scheduling order are met.

■ To the extent that Huertas otherwise complains of "scheduling orders and delays" in Civil No. 03–cv–04025, we remind him that how a district court controls its docket is committed to its sound discretion. See In re Fine Paper Antitrust Liti-

---

1. He omits the portion of our opinion that affirmed the District Court's order denying ifp status.

2. Huertas also notes an interaction he had with a bankruptcy judge in another case and describes a related appeal he brought. He does not seem to ask for related mandamus relief. He certainly is not entitled to any against Judge Bumb, who is named as the respondent in this case, for complained-of actions in cases before other judges.

*gation,* 685 F.2d 810, 817 (3d Cir.1982). Of course, an appellate court may issue a writ of mandamus when undue delay amounts to a failure to exercise jurisdiction and rises to the level of a due process violation, but we see no such undue delay here. *See Madden v. Myers,* 102 F.3d 74, 79 (3d Cir.1996),

Furthermore, Huertas may ultimately raise the issue of delay in an appeal, if he so chooses. Similarly, he can appeal the District Court order dismissing his claims and denying his motion for default judgment. Accordingly, Huertas cannot show that he has no other means of relief, so mandamus relief from these orders is not appropriate.[3] *See Cheney v. United States Dist. Court,* 542 U.S. 367, 380, 124 S.Ct. 2576, 159 L.Ed.2d 459 (2004) (noting that the person seeking a writ of mandamus must show that there is no other adequate means to attain the relief sought); *Madden,* 102 F.3d at 79.

In Civil No. 03–cv–04025, Huertas filed a "motion to disqualify" Judge Bumb pursuant to 28 U.S.C. §§ 144 & 455(a), and he presently seeks Judge Bumb's recusal in all his current and future cases. We review a district court's refusal to recuse under 28 U.S.C. § 455 for abuse of discretion. *See In re Antar* 71 F.3d 97, 101 (3d Cir.1995). If a reasonable person, with knowledge of all the facts, would reasonably question a judge's impartiality, the judge must recuse under § 455(a). *See In re Kensington Int'l Ltd.,* 368 F.3d 289, 301 & n. 12 (3d Cir.2004).

■ In the District Court, Huertas argued that Judge Bumb should recuse because she favored "her former client", the City of Camden, over the "Latino Plaintiff." He complained of Judge Bumb's threat that he would be held in contempt of court if he failed to appear for a(re)scheduled hearing and her questions regarding the information on an ifp application. Huertas also contended that Judge Bumb had prosecuted "Latino criminals" when she was an Assistant United States Attorney. In his mandamus petition, as noted above, Huertas repeats his claim of bias and describes comments made by Judge Bumb as "racial slurs."

The District Court did not abuse its discretion in denying Huertas's recusal motion. Judge Bumb may use contempt or the threat of contempt to enforce her orders. Huertas did not appear for a scheduled conference or inform the District Court that he would not attend. The District Court rescheduled the conference with a warning that Huertas would be held in contempt if he did not appear. At the time, Huertas did not state that he could not attend the rescheduled hearing, and did, in fact, appear that day. Judge Bumb also may question litigants about what she perceives as a discrepancy in the facts presented, even if an explanation later satisfies the inquiry, as it did in this case.

Furthermore, although Huertas claims bias as a "Hispanic" or "Latino" *pro se* litigant, a reasonable person would not question Judge Bumb's impartiality. First, the City of Camden was not one of her former clients, as Huertas contended, which is unsurprising, as Judge Bumb represented the United States during most of her pre-appointment career. Second, Judge Bumb's role as a prosecutor of persons of the same ethnic background as Huertas does not disqualify her from hearing his case. Furthermore, the comments that Huertas attributes to Judge Bumb are not racial slurs, no matter how Huertas labels them. Huertas simply did not show that Judge Bumb was biased against him. His dissatisfaction with Judge

---

**3.** Huertas faces the same bar to mandamus relief to the extent that he continues to complain of the District Court's ifp decisions in Civil Nos. 08–cv–00416 & 08–cv–00417.

Bumb's rulings against him is not a basis for recusal. *See SecuraComm Consulting, Inc. v. Securacom Inc.,* 224 F.3d 273, 278 (3d Cir.2000).

Lastly, Huertas asks that we order the District Court to appoint counsel to represent him during courtroom conferences. Huertas may apply to the District Court for the appointment of counsel, and, if the District Court denies the request, ultimately raise the issue on appeal. Accordingly, we will not exercise our mandamus power to appoint Huertas counsel for courtroom conferences. *See Cheney,* 542 U.S. at 380, 124 S.Ct. 2576; *Madden,* 102 F.3d at 79.

In conclusion, for the reasons given, we will deny Huertas's petition for a writ of mandamus.