

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-28-2008

# In Re: Raza

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1045

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"In Re: Raza " (2008). *2008 Decisions.* Paper 1121.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1121

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

HLD-113                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1045
_____

IN RE: AZMAT J. RAZA; SYED IRSHAD RAZA,

Petitioners
_____

On Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D. N.J. Civ. Nos. 07-02576 and 07-04168)
_____

Submitted Under Rule 21, Fed. R. App. Pro.
April 30, 2008
Before: SCIRICA, Chief Judge, ALDISERT and GARTH, Circuit Judges.

(Filed: May 28, 2008)
_____

OPINION OF THE COURT
_____

PER CURIAM.

Azmat and Syed Raza, proceeding pro se, have filed a petition for a writ of

mandamus asking us to direct the United States District Court for the District of New

Jersey to adjudicate their bankruptcy appeals. The Razas also seek the recusal of District

Judge Dennis Cavanaugh, a stay of their bankruptcy proceedings, and an investigation of

the bankruptcy trustee and other parties. For the reasons that follow, we will deny the

Razas' mandamus petition.

In 2003, Syed Raza, as President of Rose Color Inc., filed a bankruptcy petition in the United States Bankruptcy Court for the District of New Jersey. Syed Raza's wife, Azmat, was the largest equity holder of the company. The Razas appealed a Bankruptcy Court order denying their motion to recuse Bankruptcy Judge Gambardella. They also appealed the Bankruptcy Court's orders expunging their claims and denying their motion for a stay pending their appeal. The appeals were assigned to District Judge Dennis Cavanaugh. The Razas moved for Judge Cavanaugh's recusal.

When the Razas filed their mandamus petition, the District Court had yet to adjudicate their appeals or recusal motion. On March 7, 2008, however, the District Court denied the Razas' appeals and their motion for recusal. The Razas' request for a writ directing the District Court to adjudicate their appeals is thus moot.

The Razas' request for a writ directing the recusal of Judge Cavanaugh, however, is not moot because the District Court has yet to rule on a motion for sanctions against the Razas.[1]   The Razas alleged in their motion for recusal that Judge Cavanaugh was showing favoritism towards the trustee and his counsel. The District Court construed the Razas' motion as having been brought pursuant to 28 U.S.C. § 144, and denied relief because the Razas did not support their allegation of bias.

Mandamus does not lie to review the denial of a motion for recusal pursuant to

---

[1]In an opinion filed on March 17, 2008, the District Court requested supporting documentation so that it could rule on Narad Marketing Corporation's motion for sanctions.

§ 144.  <u>In re School Asbestos Litigation</u>, 977 F.2d 764, 776 (3d Cir. 1992).  The Razas, however, did not specify in their motion whether they sought Judge Cavanaugh's recusal pursuant to § 144 or § 455.  To the extent their motion may be construed as seeking relief pursuant to § 455(a) based on an appearance of judicial partiality, the record does not reasonably support the appearance of prejudice or bias on the part of Judge Cavanaugh.  <u>See</u> <u>In re Antar</u>, 71 F.3d 97, 101 (3d Cir. 1995).

The Razas further seek a writ restraining Judge Gambardella from entering further orders in the bankruptcy proceedings, closing the case, and destroying any records pending their appeal.  They also ask us to stay the execution of the orders expunging their claims and entering a default judgment against them.  The writ of mandamus is a drastic remedy that has traditionally been used to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.  <u>In re Chambers Dev. Co.</u>, 148 F.3d 214, 223 (3d Cir. 1998).  A petitioner must show he has no other means to attain the desired relief and the right to a writ is clear and indisputable.  <u>Id</u>.

Even assuming that mandamus is an available remedy, the Razas have not shown a clear and indisputable right to a writ.  They alleged in District Court that the trustee and Judge Gambardella had acted fraudulently and criminally, and that the bankruptcy proceedings were corrupt.  They make the same allegations in their mandamus petition.

3

As was the case in District Court, the Razas' allegations of criminal and fraudulent activity are unsupported.

Finally, the Razas ask us to direct federal authorities to investigate the bankruptcy trustee's and another company's conduct, and to conduct our own investigation related to their property. These are not functions of this Court.

Accordingly, we will deny the petition for a writ of mandamus.