

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-30-2008

# In Re: Juan M. Vazquez

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2728

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"In Re: Juan M. Vazquez " (2008). *2008 Decisions.* Paper 767.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/767

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-247                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2728
_____

IN RE:  JUAN M. VAZQUEZ,

Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D. N.J. Civ. No. 03-CV-05596)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 3, 2008
Before: MCKEE, RENDELL and SMITH, Circuit Judges

(Opinion filed: July 30, 2008)
_____

OPINION
_____

PER CURIAM

    Juan M. Vazquez has filed a petition for a writ of mandamus, seeking extensive

relief.  For the reasons that follow, we will deny the petition.

    We discern Vazquez's petition to contain essentially five categories of claims: (1)

Vazquez asks us to compel the District Court judge to accept certain evidence, schedule a

discovery conference, enter certain injunctions, enter certain judgments, and asks us to

compel the District Court judge to follow certain legal principles; (2) Vazquez asks to

have us compel the District Court judge to recuse himself from the underlying case; (3) Vazquez asks us to compel certain defendants to comply with a consent order entered in another case; (4) Vazquez seeks to have the District Court docket sheet corrected to reflect that he has asked for money damages and that he seeks a jury trial; and (5) Vazquez seeks to reinstate his appeal of the District Court's May 31, 2005 order denying his motion for reconsideration.

We will deny Vazquez' mandamus petition. Mandamus is an extraordinary remedy. Kerr v. U.S. Dist. Ct., 426 U.S. 394, 402 (1976). Within the discretion of the issuing court, mandamus traditionally may be "used . . . only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" Id. (citations omitted). A petitioner must show "'no other adequate means to attain the desired relief, and . . . a right to the writ [that] is clear and indisputable.'" In re Patenaude, 210 F.3d 135, 141 (3d Cir. 2000) (citation omitted).

The matters included in the first category of claims listed above can all be addressed by way of appeal. Mandamus is not a substitute for appeal. Cheney v. U.S. Dist. Ct., 542 U.S. 367, 380-81 (2004). Vazquez cannot show that he is without an adequate means for relief as to these claims. Accordingly, mandamus relief is not appropriate here.

The second category of claims involves the District Court Judge's refusal to recuse himself. We may review the District Court's refusal to recuse pursuant to 28 U.S.C.

2

§ 455.  See In re Antar, 71 F.3d 97, 101 (3d Cir. 1995).  To determine whether the extraordinary writ should issue, we review the District Court's decision not to recuse for abuse of discretion.  See In re Kensington Int'l Ltd., 368 F.3d 289, 301 & n.12 (3d Cir. 2004).  If a reasonable person, with knowledge of all the facts, would reasonably question a judge's impartiality, the judge must recuse under § 455(a).  See id. at 302. First, any disagreement Petitioner has with Judge Simandle's legal and procedural rulings "certainly cannot be equated with the showing required to so reflect on [the judge's] impartiality as to dictate recusal."  Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3d Cir. 1990).  Petitioner's remedy would be to appeal those rulings with which he disagrees.  Second, recusal is not required on the basis of "unsupported, irrational, or highly tenuous speculation," In re United States, 666 F.2d 690, 694 (1st Cir. 1981), such as Vazquez' unfounded claims that the District Judge gave authorization to carry out a "racial hate murder."  Vazquez' conclusory and speculative statements are insufficient to establish a "clear and indisputable" right to the issuance of a writ. Haines v. Liggett Group, Inc., 975 F.2d 81, 89 (3d Cir. 1992).

The relief Vazquez seeks in his third and fourth categories, injunctive relief and correction of the District Court docket, are matters that he should raise in the District Court, rather than in a petition for a writ of mandamus.  To the extent he has raised the issues and the District Court has denied relief, he may raise those issues on appeal. Finally, it appears that the matter raised by the fifth claim is no longer an issue, for the

3

reasons set forth in the margin.[1]

For the foregoing reasons, we will deny the petition for a writ of mandamus.

---

[1] In late June 2005, Vazquez erroneously filed an amended notice of appeal in this Court. The Clerk forwarded the amended notice to the District Court to be docketed and certified to our Court. The notice appears on the District Court docket, but apparently it was not certified to this Court by the District Court Clerk. At this point, however, that appeal is moot. Vazquez sought to appeal the May 31, 2005 denial of his motion to reconsider the District Court's December 17, 2004 order. We vacated the December order after remand from the Supreme Court. Thus, there is nothing left for the District Court to "reconsider." To the extent Vazquez believes that issues decided in the May 31, 2005 denial continue to affect the case, he may raise those issues on appeal at the conclusion of the case.