**In re Philip FRAZIER, Petitioner.**

No. 09–3145.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Rule 21, Fed. R.App. P.
Aug. 31, 2009.

Opinion filed: Sept. 14, 2009.

---

---

Philip Frazier, Bellefonte, PA, pro se.

Timothy A. Holmes, I, Esq., Pennsylvania Department of Corrections Office of Chief Counsel, Camp Hill, PA, for Defendant–Respondent.

U.S. Atty. HGB, Office of United States Attorney, Harrisburg, PA, for Nominal Respondent.

Before: SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges.

## OPINION

PER CURIAM.

On July 27, 2009, Philip Frazier filed this pro se mandamus petition seeking review of the Magistrate Judge's refusal to recuse himself from presiding over pretrial matters in Frazier's pro se civil rights action.[1] For the reasons that follow, we conclude that mandamus relief is not warranted.

Frazier, an inmate at SCI Rockview, filed an action pursuant to 42 U.S.C. § 1983 against prison officials at SCI Smithfield, the prison where Frazier had previously been incarcerated. He alleged that he received what the prison medical staff claimed were immunizations for pneumonia and tetanus, but were actually, according to Frazier, injections containing atropine and scopolamine derivatives, as well as something that Frazier called "atropoline."

Throughout the course of the pretrial proceedings, Frazier repeatedly filed motions to compel discovery, seeking the disclosure of the names of the staff members who attended to him while he received his immunizations, as well as his medical and psychiatric records. The Magistrate Judge repeatedly denied these motions on the ground that Frazier could access the requested information by following the procedures outlined in the Pennsylvania Department of Corrections policy for "Release of Information." Frazier moved for recusal of the Magistrate Judge pursuant to 28 U.S.C. 455, arguing that the Magistrate Judge attempted to prevent Frazier from accessing the evidence that he needed to litigate his claim. The Magistrate Judge denied the motion. Frazier then filed this petition for mandamus.[2]

Mandamus is a proper means by which we review the denial of a recusal motion filed pursuant to § 455.[3] *Alexander v. Primerica Holdings, Inc.*, 10 F.3d 155, 163 (3d Cir.1993). We would grant mandamus relief only if a judge's refusal to recuse were egregious. *See, e.g., In re Antar,* 71 F.3d 97, 101 (3d Cir.1995). Our inquiry is

---

1. We also have the benefit of an addendum that Frazier filed on August 20, after the Magistrate Judge recommended that Frazier's action be dismissed. As of this writing, the District Court has not acted on the Magistrate Judge's recommendation.

2. Frazier first filed a motion for a "writ of mandamus" in the district court, also seeking recusal of the Magistrate Judge. The District Court declined to take action on the motion.

3. Frazier did not seek relief pursuant to 28 U.S.C. § 144. Mandamus relief is an improper means of correcting a judge's refusal to recuse himself pursuant to § 144. *See In re School Asbestos Litigation,* 977 F.2d 764, 776 (3d Cir.1992).

"whether the record, viewed objectively, reasonably supports the appearance of prejudice or bias." *Id.* "[J]udicial rulings alone almost never constitute a valid basis for a bias or impartiality motion." *Liteky v. United States,* 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).

Here, the record does not reasonably support the appearance of bias or prejudice on the part of the Magistrate Judge. Certainly, the Magistrate Judge's rulings denying Frazier's discovery motions did not constitute such a gross abuse of discretion that recusal is required. To the extent that Frazier claims error in the Magistrate Judge's rulings, Frazier can appeal after the case is disposed of in the District Court. *See id.* ("[a]lmost invariably, [judicial rulings] are proper grounds for appeal, not for recusal.").

Accordingly, we will deny Frazier's mandamus petition.