CLD-141                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1233
_____

IN RE: ELAINE KARAS,
Petitioner

_____

On Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.C. Civil Action No. 08-cv-5264)

_____

Submitted Under Rule 21, Fed. R. App. P.

March 4, 2010

Before:  BARRY, FISHER and STAPLETON, Circuit Judges

(Opinion filed: March 30, 2010)
_____

OPINION
_____

PER CURIAM

In February 2003, following a dispute over a residential lease, former tenants of

Elaine Karas filed an action against her in New Jersey Superior Court seeking the return

of a security deposit.  In March 2007, the Superior Court entered default judgment against

Karas after she failed to appear for trial.  In October 2008, Karas brought an action in the

District Court alleging that her former tenants and several state court judges conspired,

during the pendency of the state court action, to deprive her of her civil rights and her right to a fair trial. Defendants filed separate motions to dismiss the complaint. In a December 28, 2009 order, the District Court granted the final motion to dismiss on the basis that it failed to state a claim upon which relief may be granted. However, the docket reflects that the District Court did not close the case until January 22, 2010, when it ruled on the final outstanding motion in the case – Karas' motion for declaratory judgment.

On January 21, 2010, Karas filed in this Court a petition for writ of mandamus asking us to: 1) remove of the District Court Judge assigned to the case; 2) vacate all of the District Court's prior orders; and 3) remand the case to state court. Karas alleges that the District Court Judge has engaged in improper behavior, including communicating ex parte with defense counsel and deliberately refusing to docket and/or review certain of her filings, including several motions for sanctions. Karas further alleges that the District Court has repeatedly misrepresented the facts of the case in its rulings and has intentionally falsified and misapplied the law in order to "justify a particular outcome." (Petition for Writ of Mandamus at 2.)

A writ of mandamus is an extraordinary remedy. See Kerr v. U.S. Dist Ct., 426 U.S. 394, 402 (1976). Within the discretion of the issuing court, mandamus traditionally may be "used . . . only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" Id. (citations omitted). A petitioner must show "no other adequate means to attain the

desired relief, and . . . a right to the writ [that] is clear and indisputable.'" See In re Patenaude, 210 F.3d 135, 141 (3d Cir. 2000) (citation omitted).

Karas previously filed a motion in the District Court to disqualify the District Court Judge pursuant to 28 U.S.C. § 455. The District Court denied the request. Mandamus is the proper means by which we review the denial of a recusal motion filed pursuant to § 455. See Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 163 (3d Cir. 1993). Our inquiry is "whether the record, viewed objectively, reasonably supports the appearance of prejudice or bias." See In re Antar, 71 F.3d 97, 101 (3d Cir. 1995). Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion and mandamus is not a substitute for appeal. Liteky v. United States, 510 U.S. 540, 555 (1994); Cheney v. U.S. Dist. Ct., 542 U.S. 367, 380-81.

The record does not reasonably support the appearance of bias or prejudice on the part of the District Court Judge. Karas' allegations are unsupported by any facts suggesting that the District Court Judge has acted improperly or that he is biased against her. Certainly, the District Court's alleged improper recitation of the facts of the case in its rulings does not constitute such a gross abuse of discretion that recusal is warranted. To the extent that Karas claims error in those rulings, she may appeal those decisions to this Court. Id. Moreover, Petitioner's case has been closed in the District Court and a request to recuse the District Court Judge at this point is moot.

Karas also asks that we vacate all of the District Court's orders and remand the

3

matter to state court for further proceedings. Karas appears to base her request on the alleged improper behavior of the District Court Judge. However, we have concluded that the record does not support Karas' allegations of impropriety. Furthermore, other than claiming that the District Court has misrepresented the facts of the case in its prior orders, Karas has not described any specific errors made by the Court in those rulings.

For the foregoing reasons, mandamus relief is not appropriate. We will deny the petition.