*AMENDED BLD-303                                   NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2400
_____

IN RE:  RONALD G. JOHNSON,
                                                      Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of Delaware
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 27, 2013
Before:  SCIRICA, HARDIMAN and GREENAWAY, JR., Circuit Judges

(Opinion filed: July 19, 2013)
_____

OPINION
_____

PER CURIAM

Ronald G. Johnson is a Delaware prisoner and frequent litigant in the United

States District Court for the District of Delaware.  He has filed a pro se petition for a writ

of mandamus seeking an order directing "District Court Honorable Leonard P. Stark to

serve all the parties of my writs then to resign from all my Lawsuit Cases, Complaints

and Writs."  His petition further asks this Court to order "another Judge to immediately

address the merits of my Complaints and Responses et al."  Johnson does not cite any

specific case pending before Judge Stark, but the District Court's electronic case

management system reflects that he has initiated over two dozen suits in the past eight years, several of which were assigned to Judge Stark, and some of which were pending at the time Johnson filed his petition. Johnson argues that Judge Stark "has attacked me in all my Lawsuits," has "created ways to rule in favor of the Defendants," and "holds my Writs and Complaints never serving the Respondents/Defendants in such a long time he makes the Writs et al. ineffective."[1] In a recent filing in support of his mandamus petition, Johnson also alleges that Judge Stark has failed to set appropriate bail and refused his repeated requests to proceed pro se.

Mandamus is a drastic remedy available only in extraordinary cases. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). In order to obtain a writ of mandamus, a petitioner must demonstrate that (1) there are no other adequate means of obtaining the relief sought; (2) his or her right to the writ is "clear and indisputable"; and (3) "the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010). Ordinarily, a District Court has discretion in managing the cases on its docket. See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). A writ of mandamus may be appropriate when a District Court's "undue delay is tantamount to a failure to exercise jurisdiction." See Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), *superseded on other grounds by* 3d Cir. L.A.R. 24.1(c) (1997).

---

[1] Shortly after Johnson filed his mandamus petition in this Court, he filed the identical document in the District Court. The District Court construed the document as a civil rights complaint against Judge Stark, and Judge Gregory Sleet recently dismissed it for Johnson's failure to state a claim. See D. Del. Civ. No. 1:13-cv-00988.

As previously noted, Johnson's petition does not identify which specific case or cases he believes merit a writ of mandamus, and the District Court's records show that he has initiated at least a dozen civil actions assigned to Judge Stark since 2008. Most of those cases, which involved various habeas petitions, mandamus petitions, and civil rights complaints, were already closed by the time Johnson filed his mandamus petition in this Court. Five of his cases before Judge Stark were still pending. However, Johnson initiated two of those actions just days before filing his mandamus petition and they have now been pending in the District Court for less than three months. See D. Del. Civ. Nos. 1:13-cv-00817 and 1:13-cv-00861. The remaining three cases have since been dismissed. Johnson initiated one of those actions just one month before filing his mandamus petition and it was dismissed on the merits after less than three months. See D. Del. Civ. No. 1:13-cv-00578. The other two actions were dismissed for Johnson's failure to prosecute, and were subsequently reopened on Johnson's motion before ultimately being dismissed again for the same reason. See D. Del. Civ. Nos. 1:10-cv-00826 and 1:10-cv-01149.

Our review of Johnson's District Court cases reveals that the allegations in his mandamus petition are unfounded. Johnson alleges that Judge Stark has delayed service of his various petitions and complaints to the defendants, but only two of his cases pending at the time he filed his mandamus petition had been on the District Court's docket for longer than one month. Of the remaining two cases, service on the defendants took place in one, see D. Del. Civ. No. 1:10-cv-01149, and did not take place in the other because Johnson failed to comply with repeated orders to provide copies of the complaint

3

required to effectuate service, see D. Del. Civ. No. 1:10-cv-00826. Moreover, those latter two cases are now closed and therefore the mandamus relief Johnson seeks is impossible.

With respect to Johnson's generalized allegation that Judge Stark unfairly favors the defendants in his cases, the various District Court records do not support that conclusion. On the contrary, Judge Stark has consistently provided Johnson with additional time to comply with his orders relating to service. Judge Stark also granted Johnson's motions to reopen two of his cases that he had previously abandoned. See D. Del. Civ. Nos. 1:10-cv-01149 and 1:10-cv-00826. We find that none of Judge Stark's orders across Johnson's dozen cases contain language that could be construed as an "attack" on Johnson. Therefore, we decline to exercise our mandamus power to compel Judge Stark's recusal. See In re Antar, 71 F.3d 97, 101 (3d Cir. 1995), *overruled on other grounds by* Smith v. Berg, 247 F.3d 532, 534 (3d Cir. 2001). We also find no support in the various District Court records for Johnson's assertion that Judge Stark has failed to set correct bail and refused his repeated requests to proceed without a lawyer.

Accordingly, Johnson's petition for a writ of mandamus is denied.[2]

---

[2] The Clerk construed Johnson's motion to proceed in forma pauperis to also be a motion to be relieved of the service requirements set forth in Fed. R. App. P. 21(a)(1). We deny this motion as unnecessary because Johnson has since submitted a certificate of service on the District Judge. We note that our determination that it is unnecessary for Johnson to be relieved of the Fed. R. App. P. 21(a)(1) service requirements applies only to the present mandamus petition.

4