BLD-171                                                     **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1693
_____

IN RE:  ZHAOJIN DAVID KE,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 19-cv-01695)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 23, 2020
Before:  AMBRO, GREENAWAY, JR. and BIBAS, Circuit Judges

(Opinion filed: May 1, 2020)
_____

OPINION*
_____

PER CURIAM

Petitioner Zhaojin David Ke has filed a pro se petition for a writ of mandamus.

For the following reasons, we will deny the petition.

Ke has a pending in forma pauperis civil action in the United States District Court

for the Middle District of Pennsylvania.  In his initial complaint, Ke alleged, inter alia,

the existence of a civil rights conspiracy concerning the domestic relations order

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

("DRO") entered in his divorce case in Erie County, Pennsylvania. In particular, Ke asserted that counsel for the Pennsylvania State Employees Retirement System conspired with his ex-wife's attorney to deprive Ke of 50% of his monthly disability benefits. He alleged that the implementation of the DRO has resulted in violations of the Americans with Disabilities Act and his right to due process.

A Magistrate Judge granted Ke's motion to proceed in forma pauperis and conducted preliminary review of the complaint pursuant to 28 U.S.C. § 1915(e)(2). The Magistrate Judge concluded that the complaint typically would be subject to dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. The Magistrate Judge allowed Ke an opportunity to file an amended complaint to cure the deficiencies before making a recommendation to the District Court.

Ke filed an amended complaint, expanding upon his factual allegations and causes of action. He also filed a motion for the Chief Judge to assign the case to a District Judge and to direct service of the complaint on the defendants. On January 17, 2020, the Magistrate Judge deemed the motion withdrawn, pursuant to local rule, for failure to file a brief in support of the motion. That same day, the Chief Judge ordered the reassignment of the case to the current presiding District Judge and referred the matter to the Magistrate Judge for the filing of a report and recommendation. The Magistrate Judge filed a report and recommendation, recommending dismissal of the amended complaint under § 1915(e)(2)(B)(ii) without further leave to amend; the report contained a notice of the right to file objections under 28 U.S.C. § 636(b)(1). Ke filed his

2

objections on January 19, 2020. Ke then filed this mandamus petition, asking us to issue an order directing the District Court to effect service of his amended complaint on the defendants.

A writ of mandamus is a drastic remedy available only in extraordinary circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A petitioner seeking the writ "must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

Here, Ke has an adequate means of relief in the District Court. At this stage, the Magistrate Judge's report and recommendation and Ke's filed objections are still pending before the District Court. The District Court may still consider and address Ke's objection that due process requires that his complaint be served on the defendants, along with his objections concerning the merits of his claims.

Ke raises several other claims, but none warrant mandamus relief. For instance, he challenges the Magistrate Judge's pre-trial participation in the case because he did not consent to a Magistrate Judge presiding over his case. See 28 U.S.C. §§ 636(b)(1)(A), 636(c)(1). He also asserts that the Magistrate Judge's actions during the proceedings— such as performing the § 1915(e)(2) screening before service on the defendants, thereby essentially providing assistance to the defense in analyzing his claims, and deeming withdrawn his motion for reassignment to a District Judge and for service of the complaint—are evidence of bias. We disagree. Although our mandamus authority

includes the power to order a Magistrate Judge to recuse in accordance with 28 U.S.C. § 455, see In re Antar, 71 F.3d 97, 101 (3d Cir. 1995), Ke's grievances regarding adverse findings and rulings do not constitute a sufficient basis for bias or partiality motion. See Liteky v. United States, 510 U.S. 540, 555 (1994). In short, we conclude that Ke has not shown that his right to a writ of mandamus is clear and indisputable.

Accordingly, we will deny the mandamus petition.