**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2441
_____

IN RE: IRENE GRIVAS,
                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to Civ. No. 5:24-cv-06923)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
on October 2, 2025

Before: BIBAS, PHIPPS, and NYGAARD, Circuit Judges

(Opinion filed: October 16, 2025)

_____

## OPINION[*]

PER CURIAM

Irene Grivas seeks a writ of mandamus directing the District Court to, among other things, lift the stay it imposed in her federal lawsuit on abstention grounds pending the conclusion of related state litigation. We will deny the petition.

In September 2021, the City of Lancaster, Pennsylvania, condemned one of Grivas's properties due to rodent infestation and a host of maintenance problems. Grivas eventually appealed the condemnation order to the Commonwealth Court of Pennsylvania. See City of Lancaster v. Grivas, No. 398 CD 2025. The City also filed a nuisance action against Grivas in the Court of Common Pleas of Lancaster County to enjoin her from renting out the property until she fixes the violations. The court granted the City's injunction request, and Grivas appealed that decision to the Commonwealth Court as well. See City of Lancaster v. Grivas, Nos. 1399 & 1703 CD 2024. All appeals remain pending.

Grivas believes that the state court proceedings violate her Fourth, Fifth, and Fourteenth Amendment rights. To vindicate those rights, Grivas filed two federal lawsuits in the United States District Court for the Eastern District of Pennsylvania. She first brought suit against the City in January 2024 in hopes of lifting the condemnation order,

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

changing the venue of the nuisance action, and obtaining damages. The District Court abstained from hearing her claims for injunctive relief and stayed those for monetary damages pursuant to Younger v. Harris, 401 U.S. 37 (1971). See Grivas v. City of Lancaster, No. 5:24-cv-0245, Doc. 31 (E.D. Pa. June 7, 2024). Grivas separately sued the City and several municipal officials in December 2024, raising largely the same claims as her original lawsuit, plus a few "only tangentially related to the condemnation." See Grivas v. Sorace, No. 5:24-cv-06923, Doc. 82 at 3 (E.D. Pa. June 30, 2025). As in the previous case, the District Court dismissed Grivas's request for an injunction, stayed the case under Younger, and signaled its intent to consolidate both lawsuits upon resolution of the state proceedings.

Grivas now seeks mandamus relief from the District Court's order in the latter case. She asks this Court to direct the District Court to vacate its stay, correct its docket to reflect that she has only filed a first amended complaint, recognize her timely jury demand, and instruct all parties to properly serve her. She also seeks an order reassigning the case to a new judge "due to prejudice and prior harm" in her other federal lawsuit and vacating "the improper sua sponte consolidation" with that case. See C.A. Doc. 1 at 1.

A writ of mandamus is a "drastic remedy" that may be granted only in "extraordinary circumstances in response to an act amounting to a judicial usurpation of power." In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005) (citation omitted). Petitioners must show that they have no other adequate means to obtain the relief desired, that they have a clear and indisputable right to the writ, and that the writ would be appropriate under the circumstances. See Haines v. Liggett Grp. Inc., 975 F.2d 81, 89 (3d Cir.

3

1992); see also Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (*per curiam*). Grivas has not met this exacting burden.

Mandamus is not a substitute for appeal. *In re* Kensington Intern. Ltd., 353 F.3d 211, 219 (3d Cir. 2003) (citations omitted). Younger abstention orders are final, immediately appealable orders under 28 U.S.C. § 1291 because "the effect of such an order is to surrender jurisdiction of the federal action to a state court." Lui v. Comm'n, Adult Entm't, Del., 369 F.3d 319, 325 (3d Cir. 2004) (citing Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 10 (1983); Schall v. Joyce, 885 F.2d 101, 105 (3d Cir. 1989)). Grivas thus has alternative means of obtaining the relief she desires with respect to the District Court's stay order.

Grivas does not flesh out any of her other grievances with the District Court's docket management or alleged prejudice in her petition. The manner in which a District Court controls its docket is, of course, discretionary. See *In re* Fine Paper Antitrust Litig, 685 F.2d 810, 817 (3d Cir. 1982). For that reason, there can be no clear and indisputable right to have the court handle a case on its docket in a certain way. See Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980).[1] And although our mandamus authority includes the power to order a District Court to recuse in accordance with 28 U.S.C. § 455, see *In re* Antar, 71 F.3d 97, 101 (3d Cir. 1995); see also Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 163 (3d Cir. 1993), recusal is not appropriate when, as here, the allegations of

---

[1] The District Court is free to address Grivas's jury demand and service concerns in due course. We observe, however, that Grivas twice amended her complaint against the City and its officials, see ECF Docs. 3, 39, so her assertion that the court erroneously referred to her operative pleading as the "second amended complaint" is frivolous on its face.

bias pertain solely to "displeasure with legal rulings," see Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000); see also Liteky v. United States, 510 U.S. 540, 555 (1994) (adverse rulings alone generally do not constitute a sufficient basis for holding that a judge's impartiality is in doubt).  To the extent Grivas charges the District Court with bias, we conclude that her bald allegations are unsupported by the record and that her request to have her cases reassigned is unwarranted.  Accordingly, we will deny her petition.