OPINION
PER CURIAM.
In October 2009, Arthur D’Amario filed a motion under 28 U.S.C. § 2255 to vacate his federal conviction for violation of 18 U.S.C. § 115(a)(1)(B).[1] The motion was filed in the United States District Court for the District of New Jersey, and the case was assigned to The Honorable Robert B. Kugler. In December 2009, the Chief Judge of this Court issued an order reassigning D’Amario’s case to the Honorable Paul S. Diamond, pursuant to 28 U.S.C. § 292(b). D’Amario filed the instant mandamus petition in January 2010, requesting two forms of relief: (1) that Judge Diamond be ordered to recuse himself from D’Amario’s § 2255 proceedings; and (2) that the District Court be ordered to “immediately hear [D’Amario’s] applications for release pending retrial and/or resentencing.” We will deny the petition.
I.
Mandamus is a drastic remedy available only in the most extraordinary of circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir.2005). It is not a substitute for an appeal. See In re Chambers Dev. Co., 148 F.3d 214, 226 (3d Cir.1998). To demonstrate that mandamus is appropriate, a petitioner must establish that he has a “clear and indisputable” right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir.1996).
II.
We first address D’Amario’s request to have Judge Diamond recuse himself from D’Amario’s § 2255 proceedings. In some cases, mandamus is the appropriate vehicle to review a district court judge’s refusal to recuse himself or herself from a case. See In re Ardor, 71 F.3d 97, 101 (3d Cir.1995). However, mandamus is an extraordinary remedy, and “courts of appeals must be chary in exercising that power.” In re School Asbestos Litig., 977 F.2d 764, 772 (3d Cir.1992). Nowhere in D’Amario’s five-page character assassination of Judge Diamond do we find a basis to compel recusal. As a result, we will not exercise our mandamus power in that regard.
III.
Nor will we compel the District Court to adjudicate D’Amario’s applications for immediate release pending disposition of his § 2255 motion. As a general rule, the manner in which a court disposes of cases on its docket is within its discretion. See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir.1982). Indeed, given the discretionary nature of docket management, there can be no “clear and indisputable” right to have the district court handle a case on its docket in a certain manner. See Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 36, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). While mandamus may be warranted where a district court’s delay is tantamount to a failure to exercise jurisdiction, see Madden, 102 F.3d at 79, this case obviously does not present such a situation.
*357 Accordingly, we will deny D’Amario’s mandamus petition.

. The motion was accompanied by an application for immediate release pending disposi-lion, and a motion for summary judgment.