**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1868
_____

MARC A. STEPHENS;
TYRONE K. STEPHENS,
                                        Appellants

v.

CITY OF ENGLEWOOD; ENGLEWOOD POLICE DEPARTMENT;
DET. MARC MCDONALD; DET. DESMOND SINGH;
DET. CLAUDIA CUBILLOS; DET. SANTIAGO INCLE, JR.;
NATHANIEL KINLAW, individually and in official capacity;
NINA C. REMSON, Attorney at Law, LLC; COMET LAW OFFICES LLC
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. No. 2-14-cv-05362)
District Judge:  Honorable William J. Martini
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 2, 2017

Before:  RESTREPO, SCIRICA and FISHER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 3, 2017)
_____

OPINION[*]
_____

---

[*]This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Marc and Tyrone Stephens appeal from three orders of the United States District Court for the District of New Jersey granting summary judgment to the defendants and denying reconsideration. Finding no error, we will affirm.

This appeal arises out of several criminal actions instituted against Tyrone Stephens, a minor. In March 2012, Tyrone was charged with theft-related offenses. Marc Stephens, Tyrone's adult brother, retained and paid attorney Nina Remson to defend Tyrone. In June 2012, Tyrone was charged with aggravated assault, and Remson took on that representation as well. Ultimately, Tyrone pleaded guilty. In this action, the Stephenses allege that Remson committed malpractice in the course of this representation. Among other things, they contend that Remson convinced Tyrone to plead guilty despite receiving specific instructions from Marc to refuse all plea offers.

Tyrone was then arrested in November 2012 in connection with an assault committed by several individuals outside a 7-Eleven store a little after 10:00 pm on October 31, 2012. Natalia Cortes, who was a witness to the attack and the cousin of one of the victims, identified three of the attackers as Tyrone, Justin Evans, and Derrick Gaddy. Detectives from the Englewood Police Department interviewed Evans, who, after initially denying that he was involved, confessed to the crime and also stated that Tyrone had been the ringleader. The detectives then obtained a statement (with Marc present) from Tyrone, who denied his involvement. Marc offered Tyrone an alibi that they had been at home together, and Tyrone adopted it. However, Tyrone later admitted

2

to being in the vicinity of the 7-Eleven — specifically, at a McDonald's down the street — with two different alibi witnesses. Tyrone was taken into custody and the investigation continued.

The next day, detectives arrested Jahquan Graham and placed him in the holding cells in the Bergen County Juvenile Court near Tyrone. According to Detective Kinlaw, he overheard a conversation between Graham and Tyrone. When Graham asked why he was being held, according to Kinlaw, Tyrone stated, "I know why we are here, that fucking rat Derek told. He was brought to the police department and released, he's the only one who wasn't arrested." D.C. dkt. #65-5 at 20.

Tyrone was charged with multiple crimes, including robbery, aggravated assault, and riot. In December 2012, a trial judge found probable cause on all seven counts of the criminal complaint, and then reiterated that finding after a second hearing in February 2013. However, at this point, the prosecutor's case against Tyrone began to unravel. First, Cortes, while acknowledging that she had earlier identified Tyrone as a perpetrator, testified that she was not actually sure if he was involved. Second, Evans pleaded guilty and then recanted his previous statement implicating Tyrone. As a result, the prosecutor dismissed the indictment with prejudice against Tyrone and he was released from jail.

The Stephenses filed the complaint at issue here in August 2014. In addition to bringing claims against Remson for her representation, they have raised various claims under 42 U.S.C. § 1983 and state law against the Englewood detectives, the police department, and the City of Englewood. The defendants moved for summary judgment,

3

and on November 3, 2015, the District Court granted the motions in full. The Stephenses filed several motions under Fed. R. Civ. P. 59(e), each of which the District Court denied. They then filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. "We review an order granting summary judgment de novo, applying the same standard used by the District Court." Nicini v. Morra, 212 F.3d 798, 805 (3d Cir. 2000).[1]

The District Court concluded that Remson was entitled to summary judgment because the Stephenses failed to comply with New Jersey's affidavit-of-merit statute. This statute requires that, in cases like this one involving allegations of professional malpractice, the plaintiff provide an affidavit from an appropriately licensed person attesting that there is a "reasonable probability that the care, skill or knowledge exercised or exhibited . . . fell outside acceptable professional or occupational standards." N.J. Stat. Ann. § 2A:53A-27; see also Snyder v. Pascack Valley Hosp., 303 F.3d 271, 273 (3d Cir. 2002) (rule "is enforceable in the district courts when New Jersey law applies").

While the Stephenses argue at length that Remson provided deficient representation, they do not meaningfully challenge the District Court's conclusion that their failure to provide an affidavit of merit was fatal to their claims. See N.J. Stat. Ann.

---

[1] We will address only arguments that the Stephenses raised in their opening brief. See United States v. Jackson, 849 F.3d 540, 555 n.13 (3d Cir. 2017). While the Stephenses purport to incorporate by reference the arguments that they asserted in virtually every filing that they made in the District Court, "[t]his is insufficient to preserve an argument for appellate review." Spitz v. Proven Winners N. Am., LLC, 759 F.3d 724, 731 (7th Cir. 2014).

§ 2A:53A-29 (the failure to provide the affidavit "shall be deemed a failure to state a cause of action"). They do suggest that their failure was caused by Remson's delay in responding to their discovery requests, but the undisputed evidence reveals that Remson provided her entire case file to Marc well before they filed this complaint. The Stephenses have failed to provide any evidence (or even argument) that the discovery materials had "a substantial bearing on preparation of the affidavit" such that they would be excused from filing the affidavit. N.J. Stat. Ann. § 2A:53A-28; see generally Balthazar v. Atl. City Med. Ctr., 816 A.2d 1059, 1066-67 (N.J. Super. Ct. App. Div. 2003). Accordingly, we will affirm the District Court's grant of judgment to Remson.

Meanwhile, the Stephenses assert false-arrest, false-imprisonment, and malicious-prosecution claims against the Englewood defendants. "A finding of probable cause is . . . a complete defense" to each of these claims. Goodwin v. Conway, 836 F.3d 321, 327 (3d Cir. 2016). Probable cause "exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." Orsatti v. N.J. State Police, 71 F.3d 480, 483 (3d Cir. 1995). While probable cause requires more than mere suspicion, it does not require the type of evidence needed to support a conviction. See Reedy v. Evanson, 615 F.3d 197, 211 (3d Cir. 2010).

The facts here, viewed most favorably to the Stephenses, do not create a genuine dispute as to whether probable cause existed when Tyrone was arrested. The defendants had three compelling pieces of evidence implicating Tyrone in the attack: (1) the

5

identification by Natalia Cortes; (2) the statement made by Justin Evans that Tyrone had participated in the attack; and (3) inconsistencies in testimony regarding Tyrone's alibi. This evidence was more than sufficient to establish probable cause. See Wilson v. Russo, 212 F.3d 781, 790 (3d Cir. 2000).

While the Stephenses contend that the evidence shows that Tyrone was actually half a mile away at a McDonald's at the time that the assault occurred, the equivocal evidence that they present does not dispel the probable cause described above. See id. at 792-93; Goodwin, 836 F.3d at 328. Further, notwithstanding their arguments to the contrary, no reasonable juror could conclude that the detectives coerced Evans's statement. The transcript of the interrogation reveals that Evans's mother was present the entire time (Evans was then nearly 18 years old), he was read his Miranda rights, the interrogation lasted for just over an over, and the detectives did not use any particularly harsh tactics. See generally United States v. Jacobs, 431 F.3d 99, 108-09 (3d Cir. 2005); Hall v. Thomas, 611 F.3d 1259, 1285-89 (11th Cir. 2010). Accordingly, we discern no error in the District Court's disposition of the Stephenses' constitutional claims against the detectives.[2] And, since they have failed to establish an underlying constitutional

---

[2] The Stephenses contend that Detective Kinlaw invented the statement that he said he overheard Tyrone make while he was in a holding cell. However, they presented no evidence to support this contention. See generally Blair v. Scott Specialty Gases, 283 F.3d 595, 608 (3d Cir. 2002). While this statement is not relevant to the false-arrest analysis because it post-dated Tyrone's arrest, see Wright v. City of Phila., 409 F.3d 595, 602 (3d Cir. 2005), it does provide still more support for the defendants' decision to charge Tyrone with various offenses.

6

violation, their claims against the police department and Englewood also necessarily fail. See Kneipp v. Tedder, 95 F.3d 1199, 1212 n.26 (3d Cir. 1996).

The Stephenses' state-law claims fare no better. To make out a claim of intentional infliction of emotional distress, they must show that the defendants engaged in "intentional and outrageous conduct" that was "so severe that no reasonable person could be expected to endure it." Tarr v. Ciasulli, 853 A.2d 921, 924 (N.J. 2004) (citations, alteration omitted). We have already ruled that a reasonable juror would conclude that the officers had probable cause to arrest and charge Tyrone. Consequently, the Stephenses cannot show that the defendants' conduct in arresting and holding Tyrone was outrageous. See, e.g., Harris v. U.S. Dep't of Veterans Affairs, 776 F.3d 907, 917 (D.C. Cir. 2015). The Stephenses also assert that the detectives committed negligence and defamation by telling Justin Evans that Tyrone was under investigation and had implicated Evans in the incident, but the record simply does not support that allegation.

Finally, we agree with the District Court that any amendment to the complaint would have been futile. See generally Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). And, in light of these rulings, the District Court did not err in denying the Stephenses' Rule 59(e) motions. See generally Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008); Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

Accordingly, we will affirm the District Court's judgment. We also deny the Stephenses' motion for the recusal of the District Judge, see Securacomm Consulting,

7

Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal."), and their motion for clarification.