**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1447
_____

IN RE:  MARK A. STEPHENS AND TYRONE K. STEPHENS,
                                                            Petitioners

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 14-cv-05362)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 14, 2019

Before:  AMBRO, KRAUSE and PORTER, Circuit Judges

(Opinion filed March 29, 2019)
_____

OPINION*
_____

PER CURIAM

Mark and Tyrone Stephens ("Petitioners"), proceeding pro se, petition for a writ of

mandamus directing the United States District Court for the District of New Jersey to

revisit its summary-judgment ruling in a civil action that they litigated in that court.  For

the reasons that follow, we will deny the petition.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

## I.

The facts and procedural history are well-known to the parties and set out in our opinion in their direct appeal. See Stephens v. City of Englewood, 689 F. App'x 710 (3d Cir. 2017) (per curiam, not precedential). Since the time of that decision, we have also denied the Petitioners' petition for rehearing and other post-judgment motions, see C.A. No. 16-1868, and the Supreme Court has denied their petition for a writ of certiorari and a subsequent motion for rehearing, see Stephens v. City of Englewood, 139 S. Ct. 173 (2018), reh'g denied, 139 S. Ct. 587 (2018). The Petitioners recently filed this mandamus petition, asking that we "order[] the district court to: (1) Vacate or Reverse the Order Granting summary judgment, (2) Grant Plaintiffs [sic] Amended complaint and (3) Motion for Stay, (4) Recuse Judge Martini under 28 U.S.C. § 2106, United States v. Antar, 53 F.3d 568, 576 (3d Cir. 1995) (ordering reassignment to a different district judge on remand), and (5) Send this case to trial." Petition at 7. They also filed a motion for oral argument.

## II.

A writ of mandamus is a drastic remedy that is available in extraordinary circumstances only. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To obtain the writ, a petitioner must show that "(1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth

v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (alteration in original) (internal quotation marks omitted).  The Petitioners have not made that showing here.

An appeal, not a mandamus petition, is the proper vehicle for challenging the District Court's summary-judgment ruling.  See Madden v. Myers, 102 F.3d 74, 77 (3d Cir. 1996) (explaining that mandamus is not a substitute for an appeal).  The Petitioners, of course, have already filed that appeal.  To the extent that a litigant is dissatisfied with an appeal's disposition, a proper course of action is to petition for rehearing en banc, see Fed. R. App. P. 35(b), and then file a petition for a writ of certiorari with the United States Supreme Court, both of which they have already done.  Because the relief they seek could have been obtained on appeal (if it had been warranted), they may not use mandamus as a vehicle to have us revisit our rulings.  See In re Chambers Dev. Co., 148 F.3d 214, 226 (3d Cir. 1998) ("[M]andamus is not a substitute for appeal and a writ of mandamus will not be granted if relief can be obtained by way of our appellate jurisdiction.").[1]

For the foregoing reasons, we will deny Petitioners' petition for a writ of mandamus.  Their motion for oral argument is denied.

---

[1] While mandamus can be a proper means to seek review of a District Judge's refusal to recuse, see In re Antar, 71 F.3d 97, 101 (3d Cir. 1995), there is no basis for mandamus relief here.  As we noted on direct appeal in denying Petitioners' motion for recusal of the District Judge, "displeasure with legal rulings does not form an adequate basis for recusal."  See Stephens, 689 F. App'x at 715.  And in any event, because the District Court proceedings are finished, an order directing the District Judge to recuse himself would have no effect on the proceedings.