DLD-275                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1694
_____

IN RE:  KENNETH WAYNE LEWIS,
                                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Nos. 1:16-cv-07528 and 1:17-cv-00330)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 8, 2017
Before:  CHAGARES, VANASKIE and KRAUSE, Circuit Judges

(Opinion filed: June 29, 2017)
_____

OPINION*
_____

PER CURIAM

Kenneth Wayne Lewis has filed a petition for a writ of mandamus seeking to

challenge the District Court's adjudication of petitions that he filed under 28 U.S.C.

§ 2241.  For the following reasons, we will deny the petition.

A jury in the Central District of Illinois found Lewis guilty of wire fraud and

money laundering.  He is currently incarcerated at FCI Fort Dix.  In October 2016, Lewis

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

filed in the District of New Jersey a petition under § 2241 that challenged his conviction. Judge Kugler dismissed the petition for lack of jurisdiction in December 2016,[1] and denied Lewis' request for reconsideration and recusal in May 2017.[2] Lewis filed a separate § 2241 petition in January 2017, which Judge Kugler likewise dismissed to the extent that it sought to challenge the underlying conviction.[3]

Lewis filed the present mandamus petition in March 2017. Among the various forms of relief that Lewis seeks, he asks that we direct the District Court to order the Government to produce a presentence investigation report, to grant him summary judgment, and to award him money damages. He also states that he "was entitled to a detention hearing … under 18 U.S.C. § 3143(a)," complains that the District Court did not require that the Government respond to his § 2241 petitions, and alleges that the judge who sentenced him "perjured himself." Lewis also suggests that Judge Kugler deprived him of access to the courts.

A writ of mandamus is a drastic remedy available only in extraordinary circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A petitioner seeking the writ "must have no other adequate means to obtain the

---

[1] Lewis v. Lynch, No. 16-cv-07528, 2016 WL 7217600 (D.N.J. 2016).

[2] Lewis v. Lynch, No. 16-cv-07528, 2017 WL 2256959 (D.N.J. 2017).

[3] Lewis v. Lewis, No. 17-cv-00330, 2017 WL 2225573 (D.N.J. 2017). The District Court also denied Lewis' request for recusal, id. at *2, and, to the extent that he complained about the conditions of his confinement, dismissed the petition without prejudice to the filing of a proper Bivens action. Id. at *4.

desired relief, and must show that the right to issuance is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Notably, mandamus is not a substitute for an appeal; if a petitioner can obtain relief by an ordinary appeal, a court will not issue the writ. See In re Ford Motor Co., 110 F.3d 954, 957 (3d Cir. 1997), abrogated on other grounds, Mohawk Indus., Inc. v. Carpenter, 558 U.S. 100 (2009).

The circumstances here are not extraordinary, and Lewis has failed to show that he has no other adequate means to challenge the District Court's dismissal of his § 2241 petitions. Any claims of error regarding the District Court's decisions could be set forth in an appeal from those judgments. Lewis may not use a mandamus petition as a substitute for the appeals process. See In re Briscoe, 448 F.3d 201, 212 (3d Cir. 2006).

We note that in both underlying cases, Judge Kugler denied Lewis' request for recusal. Mandamus is a proper means by which we review the denial of a recusal motion filed pursuant to 28 U.S.C. § 455. Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 163 (3d Cir. 1993). To determine whether mandamus relief is appropriate, we review the decision not to recuse for abuse of discretion. See In re Kensington Int'l Ltd., 368 F.3d 289, 300-01 & n.12 (3d Cir. 2004). Our inquiry is "whether the record, viewed objectively, reasonably supports the appearance of prejudice or bias." In re Antar, 71 F.3d 97, 101 (3d Cir. 1995). To extent that Lewis seeks review of the denial of his requests for recusal, we conclude that Judge Kugler did not abuse his discretion. Lewis has not credibly demonstrated the appearance of bias or prejudice on the part of Judge Kugler. Instead, Lewis' complaints about Judge Kugler centered on adverse rulings,

3

which do not warrant recusal.  See Securacomm Consulting, Inc. v. Securacom Inc., 224

F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with

legal rulings does not form an adequate basis for recusal.").

For the foregoing reasons, we will deny Lewis' mandamus petition.[4]

---

[4] Lewis' motion for an injunction, in which he seeks an order preventing his removal from FCI Fort Dix "while this litigation … is going on," is denied.  To the extent that Lewis' letter filed on May 30, 2017, requests that he be excused from providing a copy of the mandamus petition to Judge Kugler, his request is granted.