ALD-344                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2581
_____

IN RE:  KENNETH WAYNE LEWIS,
                                               Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to Civ. Nos. 1-16-cv-07528 and 1-17-cv-00330)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
August 24, 2017
Before:  MCKEE, JORDAN and RESTREPO, Circuit Judges

(Opinion filed: September 14, 2017)
_____

OPINION*
_____

PER CURIAM

 Kenneth Wayne Lewis has filed a petition for a writ of mandamus seeking to

challenge the District Court's adjudication of petitions that he filed under 28 U.S.C.

§ 2241.  For the following reasons, we will deny the petition.

 Lewis is currently serving a prison sentence at FCI Fort Dix as a result of a

conviction in the Central District of Illinois.  In October 2016 and January 2017, Lewis

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

filed petitions under § 2241 in the District of New Jersey. The District Court dismissed the petitions for lack of jurisdiction to the extent that they sought to challenge the underlying conviction.

Lewis filed the present mandamus petition in July 2017, asking that we "re-open" his § 2241 petitions so that he can attack his conviction on the ground that his presentence report was invalid. In particular, he claims that the report did not contain the required signatures and failed to include a separate report on restitution.

A writ of mandamus is a drastic remedy available only in extraordinary circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A petitioner seeking the writ "must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Notably, mandamus is not a substitute for an appeal; if a petitioner can obtain relief by an ordinary appeal, a court will not issue the writ. See In re Ford Motor Co., 110 F.3d 954, 957 (3d Cir. 1997), abrogated on other grounds, Mohawk Indus., Inc. v. Carpenter, 558 U.S. 100 (2009).

The circumstances here are not extraordinary, and Lewis has failed to show that he has no other adequate means to challenge the District Court's dismissal of his § 2241 petitions. Any claims of error regarding the District Court's decisions could be set forth in an appeal from those judgments. Lewis may not use a mandamus petition as a

2

substitute for the appeals process.  See In re Briscoe, 448 F.3d 201, 212 (3d Cir. 2006).

For the foregoing reasons, we will deny Lewis' mandamus petition.[1]

---

[1] Lewis' motion for release is denied.  Cf. Landano v. Rafferty, 970 F.2d 1230, 1239 (3d Cir. 1992) (stating that bail pending post-conviction review is available "only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective.").  To the extent Lewis requests any other relief in his filings, those requests are likewise denied.