BLD-067                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3461
_____

IN RE:  KENNETH WAYNE LEWIS,
                                                  Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 3-17-cv-05475)
District Judge: Honorable Freda L. Wolfson

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 7, 2017

Before:  AMBRO, RESTREPO, and NYGAARD, Circuit Judges

(Opinion filed: December 12, 2017)
_____

OPINION*
_____

PER CURIAM

　　　Kenneth Lewis has filed a petition for a writ of mandamus seeking an order

compelling the District Court to enter summary judgment in a civil case, Lewis v.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Sessions, No. 3:17-cv-05475 (D.N.J. filed July 26, 2017).[1]  He also seeks an order

compelling the District Court to file an addendum in the civil case, send a file-stamped

copy of the addendum to him, and execute particular subpoenas.

A writ of mandamus is a drastic remedy available only in extraordinary cases.  See

In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005).  A petitioner

seeking mandamus must demonstrate that "(1) no other adequate means exist to attain the

relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and

(3) the writ is appropriate under the circumstances."  Hollingsworth v. Perry, 558 U.S.

183, 190 (2010) (per curiam) (internal quotation marks and citation omitted).

Here, there is no basis for granting the petition for a writ of mandamus.  The

District Court docket reflects that the District Court entered a November 3, 2017 order

administratively terminating Lewis's civil case because he did not file a complete

application to proceed in forma pauperis.  Although Lewis has since submitted other

documents in the District Court, it does not appear that he has complied with the District

Court's order, and his case remains administratively terminated.  In any event, Lewis has

not shown that he is entitled to mandamus relief, as he has not demonstrated a clear and

indisputable right to the writ or that he has no other adequate means to obtain the relief

desired.

---

[1] Although Lewis has titled his filing "Affidavit Writ of Mandamus," we construe it as a
petition for a writ of mandamus in light of the relief that he seeks.  See United States v.
Fiorelli, 337 F.3d 282, 287-88 (3d Cir. 2003) (stating that the function of a motion, not

For these reasons, we will deny Lewis's petition for a writ of mandamus.

---

the caption, determines how it is treated).