DLD-081                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3450
_____

IN RE:  KENNETH WAYNE LEWIS,
                                                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. Nos. 1-16-cv-07528 & 1-17-cv-00330)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 28, 2021
Before:  JORDAN, KRAUSE, and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 4, 2021)
_____

OPINION[*]
_____

PER CURIAM

Kenneth Wayne Lewis is a federal prisoner currently confined at Fort Dix FCI.

He filed two habeas petitions under 28 U.S.C. § 2241 with the District Court of his

confinement, and the District Court dismissed them.  In 2017, Lewis sought to reopen

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

those proceedings by filing a mandamus petition with this Court. We denied the petition, see In re Lewis, 697 F. App'x 132 (3d Cir. 2017), as well as three other mandamus petitions that Lewis filed that same year, see In re Lewis, 706 F. App'x 100 (3d Cir. 2017); In re Lewis, 691 F. App'x 66 (3d Cir. 2017); In re Lewis, 3d Cir. No. 17-3101 (order entered Aug. 6, 2018).

Lewis now has filed pro se another mandamus petition again seeking to reopen his § 2241 proceedings, apparently on the same grounds. Lewis appears to contend that our prior decision was erroneous, though he does not request rehearing and he filed his petition long outside the deadline for seeking that relief. Lewis also mentions numerous other matters, including his attempts to obtain evidence of medical malpractice, the Privacy Act, a judicial misconduct complaint, and his apparent belief that certain federal prosecutors are subject to commercial liens under the Uniform Commercial Code. We have liberally construed Lewis's filings, but they contain nothing suggesting that he might be clearly and indisputably entitled to the extraordinary remedy of mandamus. See Gillette v. Prosper, 858 F.3d 833, 841 (3d Cir. 2017).

For these reasons, we will deny Lewis's mandamus petition. To the extent that Lewis's filings can be read to request any other forms of relief, they are denied as well.

2