DLD-290                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2949
_____

IN RE:  TERRANCE SYKES,
                                                    Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 4:19-cv-00413)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
September 26, 2019
Before: JORDAN, GREENAWAY, JR. and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  November 7, 2019)
_____

OPINION*
_____

PER CURIAM

Terrance Sykes, a federal inmate, filed a pro se petition for a writ of mandamus

seeking to compel the United States District Court for the Middle District of

Pennsylvania to, inter alia, rule on his 28 U.S.C. § 2241 petition.  For the following

reasons, we will deny the petition.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

On March 7, 2019, Sykes filed a § 2241 petition in the District Court. He named as respondent the warden of USP-Lewisburg, David G. Ebbert. Warden Ebbert filed a response to the petition on April 15, 2019. At the end of May 2019, Sykes filed a motion for summary judgment, which Warden Ebbert opposed in a brief filed on June 13, 2019. Sykes filed a reply on July 1, 2019. His mandamus petition was filed in this Court on August 23, 2019.

A writ of mandamus is a drastic remedy available only in extraordinary circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A petitioner seeking the writ "must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Generally, a court's management of its docket is discretionary, see In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982), and there is no "clear and indisputable" right to have a District Court handle a case in a particular manner. See Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980) (per curiam). That said, a writ of mandamus may issue where a District Court's "undue delay is tantamount to a failure to exercise jurisdiction." Madden, 102 F.3d at 79.

Sykes' § 2241 petition has been ripe for determination since, at the earliest, April 15, 2019, when Warden Ebbert filed a response. Since then, however, adjudication of the petition seemingly has been delayed in part by Sykes' submission of a motion for summary judgment on May 30, 2019. Briefing pertaining to that motion concluded on July 1, 2019. Under these circumstances, we conclude that the delay presented here has not yet amounted to a failure to exercise jurisdiction. We are confident that the District

2

Court will rule on Sykes' § 2244 petition and any pending motions in due time, within its discretion.

Sykes raises several other claims, but none warrant mandamus relief. For instance, he challenges the Magistrate Judge's participation in the case. Shortly after filing his § 2241 petition, Sykes advised the District Court that he would not consent to a Magistrate Judge presiding over his case. See 28 U.S.C. § 636(c). He also filed a motion for a change of venue, alleging that irregularities in the transmission of his filings through the United States Postal Service called into question the District Court's impartiality. Later, a Magistrate Judge ordered that the motion to change venue be deemed withdrawn because Sykes failed to file a brief in support of the motion. Assuming that mandamus relief is available for Sykes' challenge to the Magistrate Judge's participation, his claim lacks merit. Even without the parties' consent, the Magistrate Judge had the authority to order that the motion to change venue be deemed withdrawn. See 28 U.S.C. § 636(b)(1)(A).

In addition, Sykes alleges that mail that he sent to the District Court was returned to him for insufficient postage after being "intercepted, tampered with, and sp[i]ed on by people interfering with his . . . access to the court." Relief is not warranted for this claim because Sykes does not allege an action or omission by a United States District Court over which we might exercise our authority by way of mandamus. See Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976) (noting that, traditionally, mandamus may be "used . . . only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" (quoting Will v. United

3

States, 389 U.S. 90, 95 (1967))). Sykes further asks for a refund of the $5 District Court filing fee because it was paid by his mother before his motion to proceed in forma pauperis was adjudicated. That request, however, should be directed to the District Court. See Madden, 102 F.3d at 79. Finally, Sykes suggests that the order deeming his motion to change venue withdrawn indicates that the Magistrate Judge is biased against him. Although our mandamus authority includes the power to order a Magistrate Judge to recuse in accordance with 28 U.S.C. § 455, see In re Antar, 71 F.3d 97, 101 (3d Cir. 1995), Sykes' complaint about an adverse ruling does not constitute a sufficient basis for holding that the Magistrate Judge's impartiality is in doubt. See Liteky v. United States, 510 U.S. 540, 555 (1994).

Accordingly, we will deny the mandamus petition.