DLD-252-E

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2490
_____

IN RE: TOSHISADA ONISHI; TERUKO ONISHI; D.A.O.,
Petitioners
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. Nos. 2:20-cv-13001 and 2:20-cv-11581)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
August 16, 2021
Before:  JORDAN, KRAUSE, and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 17, 2021)
_____

OPINION[*]
_____

PER CURIAM

    The Petitioners – Teruko Onishi, Toshisada Onishi, and Toshisada's minor child –

have filed a petition for a writ of mandamus requesting that we direct the District Court to

rule on several pending motions.  For the following reasons, we will deny the petition.

    In 2020, Toshisada Onishi filed in the District of New Jersey two complaints

raising, in part, claims related to a decision by an Indiana state court judge, David C.

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

Chapleau, to award custody of Toshisada Onishi's minor child to his former spouse, Rachel Ellen House.[1] The parties engaged in extensive motions practice in the District Court. Among numerous other motions, Toshisada Onishi repeatedly sought the recusal of the Magistrate Judge assigned to the case, Edward S. Kiel, (the recusal motions), and the arrest and prosecution of Judge Chapleau and House (the arrest motions).

A writ of mandamus is a drastic remedy available only in extraordinary circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A petitioner seeking the writ "must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Generally, a court's management of its docket is discretionary, see In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982), and there is no "clear and indisputable" right to have a District Court handle a case in a particular manner. See Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980) (per curiam). That said, a writ of mandamus may issue where a District Court's "undue delay is tantamount to a failure to exercise jurisdiction." Madden, 102 F.3d at 79.

---

constitute binding precedent.

[1] The allegations are similar to those raised in an action brought in the United States District Court for the Northern District of Indiana. That case was recently dismissed for lack of subject matter jurisdiction following a decision by the United States Court of Appeal for the Seventh Circuit. See Onishi v. Chapleau, 848 F. App'x 211, 211 (7th Cir. 2021) (not precedential) ("Because the court lacked subject matter jurisdiction under the Rooker-Feldman doctrine, we vacate the judgment and remand with instructions to dismiss.").

Toshisada Onishi filed his first arrest motion in October 2020 and his first recusal motion in February 2021. We conclude that the delay presented here is not tantamount to a failure to exercise jurisdiction, and we find no reason to grant the drastic remedy of mandamus relief. See id. Notably, it appears that the delay in adjudicating the motions is attributable, at least in part, to the Petitioners' repeated filings in the District Court. We are confident that the District Court will rule on the pending motions in a timely manner.

This Court's mandamus authority includes the power to order a District Court to recuse in accordance with 28 U.S.C. § 455. See In re Antar, 71 F.3d 97, 101 (3d Cir. 1995). Under § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The test for recusal under § 455(a) is whether a reasonable person who is aware of all of the facts might reasonably question a judge's impartiality. See In re Kensington Int'l Ltd., 368 F.3d 289, 302 (3d Cir. 2004). The Petitioners allege that Judge Kiel is biased because, as a graduate of the University of Notre Dame, he has "close ties with the state of Indiana," where the events giving rise to the underlying action occurred. This claim, which is speculative and conclusory, does not warrant recusal. To the extent that the Petitioners' allegations of bias are related to their "displeasure with legal rulings[,]" Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000), they fail to set forth a reasonable basis for questioning Judge Kiel's impartiality. See Liteky v. United States, 510 U.S. 540, 555 (1994) (adverse rulings

3

alone generally do not constitute a sufficient basis for holding that a judge's impartiality is in doubt).

The Petitioners also claim that they are entitled to relief under the Crime Victims' Rights Act (CVRA), which guarantees to the victims of federal crimes a variety of rights, including the right to notice of a court proceeding involving the crime, the right to be present at any such public court proceeding, the right to be reasonably heard at such a proceeding, and the right to receive "full and timely restitution as provided in law." 18 U.S.C. § 3771(a). "[C]rime victim" is defined as "a person directly and proximately harmed as a result of the commission of a Federal offense or an offense in the District of Columbia." 18 U.S.C. § 3771(e)(2). A crime victim can assert rights in the District Court and, if the District Court denies relief, can file a petition for a writ of mandamus in a Court of Appeals. 18 U.S.C. § 3771(d)(3). The Petitioners suggest that they have been the victims of various criminal offenses committed in Indiana by Judge Chapleau and House, including violations of 18 U.S.C. § 242, which criminalizes the deprivation of rights under color of law. There is no evidence, however, that the Petitioners are "crime victims." And, even if they are "crime victims," they were required to seek relief under the CVRA in the federal courts in Indiana—where the purported 'crimes' occurred— not in the District Court or this Court. See 18 U.S.C. § 3771(d)(3) (providing that rights under the CVRA may only be asserted in district court hosting relevant criminal prosecution or, "if no prosecution is underway, in the district court in the district in which

4

the crime occurred").  Therefore, we conclude that the CVRA is not legitimately implicated by the Petitioners' mandamus petition.[2]

     For these reasons, we deny the Petitioners' petition for a writ of mandamus.

---

[2] We note that, beginning in March 2021, Toshisada Onishi filed motions in the District Court, attempting to assert rights under the CVRA.  To the extent that the Petitioners seek to have the District Court adjudicate those motions, mandamus relief is not warranted. See Madden, 102 F.3d at 79.